RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0096p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

NIKKI BOLLINGER GRAE, et al.,

                                        *Plaintiffs*,

   *v.*

CORRECTIONS CORPORATION OF AMERICA, nka
CoreCivic, et al.,

                          *Defendants - Appellees*,

THE NASHVILLE BANNER,

                          *Intervenor-Appellant*.

No. 24-5839

───────────────

Appeal from the United States District Court for the Middle District of Tennessee at Nashville.
No. 3:16-cv-02267—Aleta Arthur Trauger, District Judge.

Argued: March 20, 2025

Decided and Filed: April 17, 2025

Before: McKEAGUE, KETHLEDGE, and READLER, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Wendy Liu, PUBLIC CITIZEN LITIGATION GROUP, Washington, D.C., for Appellant. Milton S. McGee, III, RILEY & JACOBSON, PLC, Nashville, Tennessee, for Appellees. **ON BRIEF:** Wendy Liu, Adina H. Rosenbaum, PUBLIC CITIZEN LITIGATION GROUP, Washington, D.C., Daniel A. Horwitz, HORWITZ LAW, PLLC, Nashville, Tennessee, for Appellant. Milton S. McGee, III, Steven A. Riley, Joshua S. Bolian, RILEY & JACOBSON, PLC, Nashville, Tennessee, for Appellees.

———————————

**OPINION**

———————————

KETHLEDGE, Circuit Judge.   The federal courts do their business in public—which means the public is presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision.   Thus, under rules long settled in this circuit, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)).   And when a court does seal off judicial records from public view, it must explain "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Id.* at 306.

None of these rules were honored here.   CoreCivic, for its part, largely elided them in its filings with the district court.   And the district court repeatedly sealed off documents that the parties themselves (or just one of them) had deemed "confidential"—thereby shielding from public view all kinds of information about how the defendant corporation ran its prisons.   For the most part the court did so merely by electronically stamping the first page of each motion to seal. Eventually a local newspaper, the Nashville Banner, intervened and sought to unseal broad swaths of the court record; but the court kept under seal every document that the parties asked it to.   The Banner now appeals the district court's refusal to unseal 24 deposition transcripts in particular.   We vacate the court's order to that extent and remand for a prompt decision in accordance with our precedents.

I.

CoreCivic (formerly known as Corrections Corporation of America) is a publicly traded company that owns and operates private prisons.   In 1994 CoreCivic signed contracts to house federal prisoners at five of its prisons.   By the early 2010s the Bureau of Prisons had raised safety and security concerns regarding all five of CoreCivic's prisons; in July 2016, the Bureau chose not to renew its contract for one of them.   A month later, the Inspector General for the

Department of Justice reported that CoreCivic's prisons had more inmate violence (by 35%), inmate-on-inmate assaults (by 64%), sexual assaults by inmates on staff (by 750%), and suicide attempts and self-mutilations (by 37.5%) than did prisons run by the Bureau itself. Relatedly, a week later, the Deputy Attorney General issued a memorandum citing CoreCivic's poor performance as one reason for the Bureau of Prisons to reduce its use of private prisons. CoreCivic's stock price plummeted, and this shareholder class action followed.

Early in the litigation of this case—in February 2018—the district court entered a protective order under which any party that produced discovery materials could designate them as "confidential" on a "document-by-document basis." (An earlier version of the court's order had more narrowly "limited" such designations to the "pages or portions of Discovery Material that contain Confidential Information[.]") The order further recited that any "Confidential Discovery Material submitted to the Court in connection with a motion or court proceeding shall be filed under seal" or otherwise "protected from public disclosure[.]" Thereafter, as a matter of course, the parties routinely filed substantive motions and related exhibits under seal.

In August 2020, for example, the lead plaintiff in the case, Amalgamated Bank, filed a substantive motion to which it attached a "memorandum" and six deposition transcripts—all of which CoreCivic had designated as confidential. Hence the Bank filed those documents under seal, as required by the court's protective order. As to those documents, however, the Bank said it did "not believe grounds exist to overcome the strong presumption of openness as to court records"—citing our decision in *Shane Group*. Yet CoreCivic moved to seal those same documents, citing—as examples of material it said should be sealed from public view—deposition testimony about the "Company's use of subcontractors[,]" about the "Company's staffing policies and the financial incentives for making certain staffing decisions," and about "[o]perations at the Company's Adams facility." A day later, without discussion, the district court stamped the motion's first page, "Motion GRANTED."

In November 2021, the district court approved a class-action settlement that ended litigation about the merits of this case. By then hundreds of documents in the court record were under seal. For none of them, so far as we can tell, did the district court set forth any reasoning in support of its orders to seal.

Two years later, in November 2023, the Nashville Banner intervened and moved to unseal everything on the court's docket. In response, CoreCivic and the Bureau of Prisons conceded that almost 190 documents should be unsealed. Both of those parties opposed the motion as to about 80 other docket entries. Exactly along those lines, eight months later, the district court granted the Banner's motion in part and denied it in part. The Banner then brought this appeal as to two dozen deposition transcripts that the court had kept under seal.

## II.

### A.

As an initial matter, CoreCivic argues that the district court lacked jurisdiction to enter the order at issue here, because it had dismissed the case two years before. But a "federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). The decision whether to unseal court records is a collateral issue. *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 592 (6th Cir. 2016). That some docket entries are sealed when the court enters judgment, therefore, does not mean they must remain so forever. The district court had jurisdiction to enter the order at issue here; and we have the same to review it. *Id*.

Meanwhile, the Banner has standing to bring this appeal. The public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) (cleaned up). And at a minimum the partial denial of the Banner's motion "adversely affected [its] ability to report." *Grae v. Corrections Corp. of America*, 57 F.4th 567, 571 (6th Cir. 2023). Hence we proceed to the merits.

### B.

We review a district court's sealing orders for an abuse of discretion, though without "the deference that standard normally brings." *Shane Group*, 825 F.3d at 306 (cleaned up).

Our court has held again and again that "[o]nly the most compelling reasons can justify non-disclosure of court records." *Knoxville News-Sentinel*, 723 F.2d at 476; *see also, e.g., Rudd*,

834 F.3d at 593; *Shane Group*, 825 F.3d at 305.  That does not mean, as CoreCivic asserts here, that "[s]ealing documents is warranted if the interests supporting nondisclosure outweigh the interests supporting access[.]"  Br. at 16.  To the contrary, the whole point of the "strong presumption of openness regarding court records" is that—in *every* case where a judicial record is sealed from public view—the interests favoring non-disclosure must be compelling.  *Rudd*, 834 F.3d at 593.  Moreover, even when "a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason."  *Shane Group*, 825 F.3d at 305.  And "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id*. at 306 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

Here, in sealing these transcripts, the district court made no findings whatever.  That "is itself grounds to vacate" the court's seal.  *Id.*  Nor was there any attempt to make the seals narrowly tailored.  The district court did say that "[c]ompliance with *Shane Group* can be a serious challenge in major, document-heavy litigation."  Maybe so; but the reasons for the presumption of access are serious, and our precedents are not hortatory.  Moreover, the burden of "demonstrat[ing]—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal" is first borne by the party that seeks it, not by the district court.  *Id.* at 308.

In denying the Banner's motion to unseal these transcripts in particular, the court merely cited its own interest "in encouraging parties" to file full copies (rather than excerpts) of deposition transcripts, along "with CoreCivic's assertion of its interests in confidential information."  We share the court's preference for full rather than partial transcripts in the record; but that is no reason to seal them.

Neither is a party's mere assertion of its interest in confidentiality.  Platitudes about "competitively-sensitive" information are not enough; the proponents of secrecy must show that "disclosure will work a clearly defined and serious injury."  *Id.* at 307 (cleaned up).  Of course, the "privacy interests of innocent third parties" can be reason enough to seal.  *Id*. at 308 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  But otherwise, "in civil litigation,

only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access." *Id*. (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 546 (7th Cir. 2002)).

Trade secrets in particular are usually "a pattern, technique, or process" that "affords a competitive advantage" to persons who possess that information. *3M v. Pribyl*, 259 F.3d 587, 595-96 (7th Cir. 2001). Manufacturing processes and design documents are examples. *See id.*; *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 410-11 (6th Cir. 2006). By contrast, that "many litigants would like to keep confidential the salary they make" or "the price they agreed to pay under a contract" is not sufficient reason to seal. *Baxter*, 297 F.3d at 547. Nor is the "bald assertion" that disclosure of information would harm a party's "competitive position." *Id*.

Finally, a document counts as a judicial record, for purposes of the presumption of access, when it is "filed with the objective of obtaining judicial action or relief" or otherwise plays "a role in the adjudicative process." *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 171 (4th Cir. 2024). When filed for that purpose, the entire document, and not just the parts cited by the parties or the court, becomes a judicial record. *Metlife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017). For a determination that material is irrelevant can itself "reveal something valuable about the judicial process." *City of Greenville v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 698 (7th Cir. 2014). But documents filed for some other purpose—for example, to circumvent the strictures of a protective order, *see generally Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984)—are not subject to the presumption of access. Nor are documents that "cannot conceivably aid the understanding of judicial decisionmaking." *City of Greenville*, 764 F.3d at 698.

We leave it to the district court to apply these rules—in the first instance—on remand.

\*        \*        \*

The district court's August 16, 2024 order is vacated as to the deposition transcripts at issue here; and the case is remanded for a determination—no later than 60 days after the issuance of our mandate—as to whether any parts of those transcripts meet the requirements for a seal.